UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JERMAINE LENARD MOSS, SR.,**                                                                **PETITIONER**
**# 49159-018**

**VERSUS**                                                                **CIVIL ACTION NO. 3:14cv321-CWR-FKB**

**S.P. FISHER**                                                                **RESPONDENT**

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court *sua sponte*. *Pro se* Petitioner Jermaine Lenard Moss, Sr., filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [1, 6]. He is presently incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi and attacks his sentences for conspiracies to possess with intent to distribute crack cocaine, use and carry firearms during and in relation to drug trafficking, and for selling crack. He also attacks his conviction on the gun charge. The Court has considered and liberally construed the pleadings. As set forth below, this case is dismissed.

### BACKGROUND

On April 17, 2014, Petitioner filed the instant habeas petition challenging his drug sentences and firearm conviction and sentence handed down from the Middle District of Florida. In June of 2007, he was convicted by a jury of Count 1 conspiracy to possess with the intent to distribute 50 grams or more of crack cocaine, Count 2 conspiracy to use and carry firearms during and in relation to drug trafficking, and Count 9 distributing five grams or more of crack. Petitioner was originally sentenced to concurrent terms of 324 months on each of the drug charges and 240 months on the gun charge. *United States v. Moss*, 290 F. App'x 234, 237 (11th Cir. Aug. 4, 2008). The Eleventh Circuit Court of Appeals affirmed. *Id.* The Supreme Court denied certiorari. *Moss v. United States*,

555 U.S. 1061 (2008).

Moss then filed his first motion to vacate his sentence under 28 U.S.C. § 2255. *Moss v. United States*, No. 8:09cv2463, 2010 U.S. Dist. LEXIS 113230 at *4 (M.D. Fla. Oct. 15, 2010). On October 15, 2010, the district court denied the motion. *Id.* at *47-48. The Eleventh Circuit denied a certificate of appealability. *Moss v. United States*, No. 10-15759 (11th Cir. Apr. 8, 2011).

On March 28, 2012, the trial court reduced Moss's drug sentences to 240 months each, pursuant to a retroactive reduction in the crack sentencing guidelines. *United States v. Moss*, No. 8:06cr464 (M.D. Fla. Mar. 28, 2012).

On May 3, 2013, Moss filed a second § 2255 motion in the trial court. He argued that he was actually innocent of Count 9. *Moss v. United States*, No. 8:13cv1194 at 1 (M.D. Fla. May 6, 2013). The motion was denied, because Moss had not obtained permission to file a successive motion. *Id.* at 2. Moss filed his third motion pursuant on § 2255 on October 7, with the Eleventh Circuit. He argued that his drug sentences were based on a drug quantity not found by the jury, that he is actually innocent of the firearm charge, and the trial court erred in instructing the jury on this charge. *In re: Moss*, No. 13-14570 (11th Cir. Oct. 23, 2013). The appellate court denied him leave to proceed on the successive motion. *Id.* at 5.

## DISCUSSION

Moss again claims that (1) his sentences were unlawfully based on drug quantities not found by the jury, (2) he is actually innocent of the firearm count, and (3) the jury was improperly instructed on the firearm count. In support of ground one, he cites *Alleyne v. United States*, 133 S. Ct. 2151 (2013). In support of ground two, he relies on *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013).

2

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian, pursuant to § 2241. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). By contrast, a motion filed pursuant to § 2255 "provides the primary means of collateral attack on a federal sentence." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). The proper vehicle for challenging errors that "occurred at or prior to sentencing" is a motion pursuant to § 2255. *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990).

Moss's claims that he was improperly sentenced to 240 months on all charges and improperly convicted on the gun charge do not challenge the execution of his federal sentences but instead attacks the validity of his sentences. Since these alleged constitutional violations occurred at or prior to sentencing, they are not properly pursued in a § 2241 petition.

However, "[u]nder the savings clause of § 2255, if the petitioner can show that § 2255 provides him an inadequate or ineffective remedy, he may proceed by way of § 2241." *Wesson v. U.S. Penitentiary*, 305 F.3d 343, 347 (5th Cir. 2002). To meet the stringent "inadequate or ineffective" requirement, the Fifth Circuit Court of Appeals holds:

> the savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Moss bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective to test the legality of his detention. *Id.* at 901.

<u>DRUG QUANTITIES</u>

Moss's first claim is that he was improperly sentenced based upon drug quantities found by

the trial court, rather than the jury. He alleges that the trial court held him accountable for higher quantities of drugs than did the jury, and, therefore, erroneously subjected him to a mandatory minimum sentence of ten years. He contends he meets the requirements to proceed on this claim under the savings clause based on his actual innocence of the specific drug quantities for which he was sentenced. He relies on *Alleyne*, which he claims is retroactively applicable to his case.

The Eleventh Circuit has already rejected Moss's assertion that *Alleyne* is retroactively applicable to his drug sentences. *In re: Moss*, No. 13-14570 at 3. This was a final judgment, which he did not appeal. Therefore, he is foreclosed from arguing that *Alleyne* is retroactively applicable to his sentences.

Even if *Alleyne* were retroactive, this claim still fails the *Reyes-Requena* test. *Alleyne* explicitly relied on *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and held that, generally, any fact that increases the mandatory minimum of a sentence must be found by a jury. *Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013). As the Fifth Circuit has held, "*Apprendi* implicates only the validity of the sentence," it does not establish innocence of the substantive drug offense. *Wesson*, 305 F.3d at 348. Therefore, such a claim does not satisfy the first prong of the *Reyes-Requena* test. *Id.*

Likewise, Moss does not claim that he was convicted of nonexistent drug offenses. He just claims the sentences were harsher than they should have been. This fails to meet the savings clause test. Since Moss's drug quantities claim does not meet the stringent requirements of the savings clause, he will not be allowed to proceed with the claim under § 2241.

<u>ACTUAL INNOCENCE OF THE FIREARM COUNT</u>

Moss's second claim is that he is "actually innocent" of the firearm charge, because the

evidence did not support the verdict that he conspired to use and carry the firearms during and in relation to the drug trafficking. (Pet. at 18). Rather, he alleges the evidence showed he merely conspired to possess the firearms in question, in furtherance of drug trafficking. In support, he points to *McQuiggin*.

*McQuiggin* held that a claim of actual innocence is an exception to the statute of limitations for which to file a habeas petition. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). The case did not replace the standard under *Reyes-Requena*, nor did *McQuiggin* have anything to do with the firearm charge at issue. Therefore, *McQuiggin*, even if retroactive, does not establish that Moss was convicted of a nonexistent firearm offense. Moss therefore fails to establish the first prong of the *Reyes-Requena* test.

Moss likewise fails the second prong, because he does not even allege that his sufficiency of the evidence argument was foreclosed by Eleventh Circuit law at the time he filed his appeal or first § 2255 motion.

Since this claim does not meet the stringent requirements of the savings clause, Moss will not be allowed to proceed with the claim under § 2241.

JURY INSTRUCTION

Finally Moss challenges the jury instructions regarding the conspiracy to use and carry a firearm during, and in relation to, drug trafficking. He claims the jury should have been instructed (1) to find him guilty if he conspired to either use "or" carry the firearms, (2) on the definitions of "use" and "carry," and (3) on what "during and in relation to" means.

Moss invokes the plain error doctrine. Notably he does not invoke the savings clause as to this claim. He points to no Supreme Court case to show he was convicted of a nonexistent offense

nor does he argue that this claim was previously foreclosed by the Eleventh Circuit.

Since Moss's claims do not meet the stringent requirements of the savings clause, he will not be allowed to proceed with them under § 2241. Accordingly, the Petition shall be dismissed as frivolous. To the extent it can be construed as a § 2255 motion, it shall be dismissed for lack of jurisdiction. *Pack*, 218 F.3d at 454.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this cause should be and is hereby dismissed with prejudice regarding the jurisdictional issue only and dismissed without prejudice in all other respects. A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 28th day of May, 2014.

                  s/Carlton W. Reeves
                  UNITED STATES DISTRICT JUDGE